UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GINA JOSEPH, an individual,

    Plaintiff,

vs.

Case No. 0:21-cv-61217-RAR

BOARDWALK PROPERTIES FL, LLC,
a Florida limited liability company,

    Defendant

                                                           /

## BOARDWALK'S AMENDED ANSWER & AFFIRMATIVE DEFENSES

Defendant, BOARDWALK PROPERTIES FL, LLC, a Florida limited liability company, ("Boardwalk"), by and through the undersigned counsel, hereby files its Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff, GINA JOSEPH ("Plaintiff"), and states as follows:

### INTRODUCTION

1. Boardwalk admits that this case is brought under Title VII of the Civil Rights Act of 1964, but denies that Plaintiff is entitled to any damages under Title VII.

### JURISDICTION AND VENUE

2. Admitted that Title VII allows jurisdiction in state court, but denied that state courts have exclusive jurisdiction. This case was properly removed to federal court.

3. Admitted that venue in state court was proper in Broward County, but also asserting that venue is appropriate in the U.S. District Court for the Southern District of Florida.

4. Admitted.

5. Admitted.

6. Denied.

7. Admitted that Boardwalk is a Florida corporation doing business in Broward County, FL. Denied that Boardwalk was an employer of Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Admitted.

## STATEMENT OF FACTS

9. Admitted.

10. Admitted.

11. Admitted that there were two black women who worked at the management office at The Avenue Apartments. Without knowledge regarding other black employees employed by Urban Resource, LLC ("Urban").

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that Plaintiff was terminated by Urban, but without knowledge as to the exact date and circumstances regarding Plaintiff's termination. Denied that Plaintiff's termination was related in any way to any alleged discrimination by Boardwalk.

17. Denied.

## COUNT I
## ACT – RACE DISCRIMINATION

18. Boardwalk restates its responses to Paragraphs 1–17 as if fully stated herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II
## ACT – COLOR DISCRIMINATION

23. Boardwalk restates its responses to Paragraphs 1–17 as if fully stated herein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff was terminated for a legitimate, non-discriminatory reason.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to take any action to mitigate her damages by failing to seek and/or maintain comparable employment with reasonable diligence following her cessation of employment with Urban. Further, Plaintiff's damages, to the extent any are recoverable, should be reduced to the extent Plaintiff has failed to mitigate her damages or to the extent she was precluded from working or seeking employment for any reason.

### THIRD AFFIRMATIVE DEFENSE

Boardwalk seeks reimbursement or set-off for any damages Plaintiff has received from other sources. This includes severance pay to Plaintiff, unemployment benefits received from the State of Florida, Workers' Compensation Benefits, and all other wage replacement benefits provided to Plaintiff by any source.

3313\308374910.v1

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination based on race.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination based on color.

### SIXTH AFFIRMATIVE DEFENSE

At all times, Boardwalk acted in good faith towards Plaintiff and did not willfully, intentionally, recklessly, maliciously, fraudulently, or oppressively disregard or violate the law.

### SEVENTH AFFIRMATIVE DEFENSE

Boardwalk was not the employer of Plaintiff as defined under Title VII and therefore cannot be liable under Title VII.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to join an indispensable party because Plaintiff failed to join her true employer, Urban.

### NINTH AFFIRMATIVE DEFENSE

Boardwalk is not covered by Title VII because it did not have a sufficient number of employees to reach the employee threshold under Title VII.

DATED on July 8, 2021.

        HINSHAW & CULBERTSON LLP

        s/ *Andrew M. Gordon*
        Andrew M. Gordon
        Florida Bar No. 68886
        agordon@hinshawlaw.com
        Daniel E. Gonzalez
        Florida Bar No. 118696
        dgonzalez@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        One East Broward Boulevard
        Suite 1010
        Ft. Lauderdale, FL 33301
        Telephone: 954-467-7900
        Facsimile: 954-467-1024
        Secondary: ablitz@hinshawlaw.com
        *Attorneys for Defendant Boardwalk Properties FL, LLC*